## BATESON *v.* PHELPS' ESTATE.

MONEY PAID—TAXES—VOLUNTARY PAYMENT—RECOVERY.

One voluntarily paying taxes on land he does not own cannot recover from the owner of the land, though the taxes were assessed to the person paying them, and he paid them by mistake.

Error to Wayne; Hosmer, J. Submitted February 8, 1906. (Docket No. 106.) Decided September 20, 1906.

Samuel R. Bateson presented a claim against the estate of Ralph Phelps, deceased, for taxes paid by mistake on property of the decedent. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. There was judgment for the estate on a verdict directed by the court, and claimant brings error. Affirmed.

*Franklin L. Lord,* for appellant.

*Ralph Phelps, Jr.,* and *Orla B. Taylor,* for appellee.

MOORE, J. The plaintiff commenced two proceedings for the purpose of recovering taxes paid by him on a description of real estate owned by his wife, but assessed to him, which description included a small parcel of real estate owned by the late Ralph Phelps.

The first of these cases is *Bateson* v. *City of Detroit.* The other is the case at bar. In the first of these cases an opinion was handed down which may be found in *Bateson* v. *City of Detroit,* 143 Mich. 582. The facts are precisely alike in both cases, and it is not necessary to repeat them here.

The circuit judge directed a verdict in favor of defendant for two reasons, *first,* because the assessment was invalid, and *second,* because the payment by Mr. Bateson was a voluntary one.

The record discloses that the taxes, for the recovery of which this proceeding is brought, were paid by the plaintiff upon real estate which was not owned by, though it was assessed to, him. It is doubtless true that these payments were made by mistake, and it may be that in equity the plaintiff should be reimbursed for the amount so paid, but with the facts as they are, we think these payments must be held to have been voluntary ones, and that the circuit judge was right in directing a verdict. See 2 Cooley on Taxation (3d Ed.), p. 1495. Keener on Quasi-Contracts, p. 388. *Bateson* v. *City of Detroit*, supra.

Judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.